**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SAMSUNG FIRE AND MARINE
INSURANCE CO., LTD. (U.S. BRANCH),

    Plaintiff,

        v.

UFVS MANAGEMENT COMPANY
LLC, ROOSEVELT MOTOR INN, INC.,
ROOSEVELT INN, LLC, and YAGNA
PATEL,

    Defendants.

Case No. 2:18-cv-04365-CDJ

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS
MANAGEMENT COMPANY, LLC, and YAGNA PATEL'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO PLAINTIFF SAMSUNG
FIRE AND MARINE INSURANCE CO., LTD.'S DECLARATORY JUDGMENT
COMPLAINT, AND THIRD-PARTY COMPLAINT AGAINST NATIONWIDE
MUTUAL INSURANCE COMPANY AND ACE PROPERTY & CASUALTY
INSURANCE COMPANY**

Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management

Company, LLC, and Yagna Patel (collectively, the "Policyholders"), by and through undersigned

counsel, hereby respond to the Declaratory Judgment Complaint of Plaintiff Samsung Fire and

Marine Insurance Co., Ltd. ("Samsung") as follows:

**ANSWER**

1.      The complaint by Samsung and the complaint in the action captioned as M.B. v.

Roosevelt Inn LLC, et al., No. 170300712, pending in the Philadelphia County Court of

Common Pleas ("Underlying Action"), speak for themselves and any characterization of either

complaint is denied.  The remaining allegations of this paragraph state conclusions of law as to

which no response is required.

2. Admitted in part; denied in part. It is admitted that Samsung has been providing a defense to the Policyholders in the Underlying Actin. The remaining allegations of this paragraph state conclusions of law as to which no response is required.

## JURISDICTION AND VENUE

3. This paragraph states a legal conclusion to which no response is required. Jurisdiction is not disputed.

4. This paragraph states a legal conclusion to which no response is required. Jurisdiction is not disputed.

5. This paragraph states a legal conclusion to which no response is required. Proper venue is not disputed.

## THE PARTIES

6. Denied. After reasonable investigation, the Policyholders are without knowledge or information sufficient to form a belief as to the truth of the matter asserted, and said allegations are therefore denied.

7. Admitted.

8. Denied. Roosevelt Inn LLC, d/b/a Roosevelt Inn and Roosevelt Inn Café, is a Delaware limited liability company with its principal place of business located at 7600 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152.

9. Admitted.

10. Admitted in part; denied in part. It is admitted only that Yagna Patel is an employee of the Roosevelt Inn. The remaining averments contained in this paragraph are denied.

## THE UNDERLYING ACTION

11. Admitted.

12.     Denied.  The allegations of this paragraph state conclusions of law as to which no response is required.  The allegations of this paragraph further purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.

13.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.

14.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.

15.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.

16.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.

17.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.

18.     Denied. The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.

19.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.

20.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.

21.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.

22.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.

### THE SAMSUNG POLICIES

23.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.

24.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.  By way of further response, the allegations of this paragraph state conclusions of law as to which no response is required.

25.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.

26.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.

27.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.

**COUNT I**
**Declaratory Judgment**
**Public Policy Bars Coverage For Allegations Of Sex Trafficking**

28.     The Policyholders incorporate by reference the foregoing responses as if the same were set forth herein at length.

29.     Denied.  The allegations of this paragraph state conclusions of law as to which no response is required.

30.     Denied.  The allegations of this paragraph state conclusions of law as to which no response is required.

31.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself and any allegations inconsistent therewith are denied.

32.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself and any allegations inconsistent therewith are denied.

33.     Denied.  The allegations of this paragraph state conclusions of law as to which no response is required.  To the extent a response is required, they are denied.

34.     Denied.  The allegations of this paragraph state conclusions of law as to which no response is required.  To the extent a response is required, they are denied.

35.     Denied.  The allegations of this paragraph state conclusions of law as to which no response is required.  To the extent a response is required, they are denied.

36.     Denied.  The allegations of this paragraph state conclusions of law as to which no response is required.  To the extent a response is required, they are denied.  By way of further response, it is specifically denied that public policy bars the indemnification of the Policyholders for the Underlying Action.

**WHEREFORE**, the Policyholders respectfully request that judgment be entered in their favor and against Samsung for all compensatory and consequential damages, interest, attorneys' fees, costs, and any further relief this Court deems just, equitable and proper.

**COUNT II**
**Declaratory Judgment**
**No "Occurrence"**

37.     The Policyholders incorporate by reference the foregoing responses as if the same were set forth herein at length.

38.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself and any allegations inconsistent therewith are denied.

39.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself and any allegations inconsistent therewith are denied.

40.     Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself and any

allegations inconsistent therewith are denied.  By way of further response, the allegations of this paragraph state conclusions of law as to which no response is required.

WHEREFORE, the Policyholders respectfully request that judgment be entered in their favor and against Samsung for all compensatory and consequential damages, interest, attorneys' fees, costs, and any further relief this Court deems just, equitable and proper.

**COUNT III**
**Declaratory Judgment**
**Expected Or Intended Injury Exclusion**

41.    The Policyholders incorporate by reference the foregoing responses as if the same were set forth herein at length.

42.    Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself and any allegations inconsistent therewith are denied.  By way of further response, the allegations of this paragraph state conclusions of law as to which no response is required.

43.    Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself and any allegations inconsistent therewith are denied.

44.    Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself and any allegations inconsistent therewith are denied.

45.    Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself and any allegations inconsistent therewith are denied.  By way of further response, the allegations of this paragraph state conclusions of law as to which no response is required.  Furthermore, it is

specifically denied that coverage for the alleged "bodily injury" suffered by Plaintiff M.B. is excluded.

**WHEREFORE**, the Policyholders respectfully request that judgment be entered in their favor and against Samsung for all compensatory and consequential damages, interest, attorneys' fees, costs, and any further relief this Court deems just, equitable and proper.

## COUNT IV
### Declaratory Judgment
### Roosevelt Motor Inn Inc. Is Not An Insured

46.    The Policyholders incorporate by reference the foregoing responses as if the same were set forth herein at length.

47.    It is admitted that Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn is a Pennsylvania corporation.

48.    Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself and any allegations inconsistent therewith are denied.  By way of further response, the allegations of this paragraph state conclusions of law as to which no response is require.

49.    Denied.  The allegations of this paragraph purport to paraphrase and/or quote from a written document, which is the best evidence of its terms and speaks for itself and any allegations inconsistent therewith are denied.  By way of further response, the allegations of this paragraph state conclusions of law as to which no response is required.  To the extent a response is required, they are denied.

**WHEREFORE**, the Policyholders respectfully request that judgment be entered in their favor and against Samsung for all compensatory and consequential damages, interest, attorneys' fees, costs, and any further relief this Court deems just, equitable and proper.

## AFFIRMATIVE DEFENSES

1.      Samsung has prematurely filed this action against the Policyholders seeking a determination of its indemnity obligation until the underlying facts are resolved in the Underlying Action.

2.      The Underlying Action sets forth claims against the Policyholders for M.B.'s bodily injury caused by an occurrence that took place during the policy periods of the Samsung Policies' commercial general liability coverages.

3.      The Underlying Action sets forth claims against the Policyholders for M.B.'s personal and advertising injury caused by an occurrence that took place during the policy periods of the Samsung Policies' commercial general liability coverages.

4.      The Underlying Action constitutes a "suit" as it is a civil proceeding in which damages because of bodily injury are alleged.

5.      All ambiguities in the Samsung Policies must be construed in favor of coverage for the Policyholders.

6.      The Policyholders materially complied with all terms and conditions of the Samsung Policies.

7.      Samsung waived or is estopped from asserting their alleged rights to decline to defend and/or indemnify the Policyholders.

**DEFENDANTS ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, and YAGNA PATEL'S COUNTERCLAIMS AGAINST PLAINTIFF SAMSUNG FIRE AND MARINE INSURANCE CO., LTD**

Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (collectively, the "Policyholders"), by and through undersigned counsel, hereby assert the following Counterclaims against Samsung Fire and Marine Insurance Co., Ltd. ("Samsung"):

## THE UNDERLYING ACTION

1.      On March 10, 2017 Plaintiff M.B. ("M.B.") filed a complaint in the case captioned as M.B. v. Roosevelt Inn LLC, et al., March Term 2017, No. 00712, in the Philadelphia County Court of Common Pleas (the "Underlying Action.")

2.      On August 27, 2018, M.B. filed a Second Amended Complaint in the Underlying Action.  A true and correct copy of M.B.'s Second Amended Complaint is attached hereto as Exhibit A.

3.      M.B's Second Amended Complaint named the following as defendants: Roosevelt Inn, LLC d/b/a/ Roosevelt Inn and Roosevelt Inn Cafe, Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, Yagna Patel, and Alpha-Centurion Security, Inc.

4.      In the Second Amended Complaint, M.B. raised four causes of action against the Policyholders for (1) Civil Liability under Pennsylvania Human Trafficking Law; (2) Negligence; (3) Negligent Infliction of Emotional Distress; and (4) Intentional Infliction of Emotional Distress.

5.      In the Second Amended Complaint, M.B. alleged that she was born on September 3, 1999.

6.      M.B. further alleged that in 2014, she was "exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation."

7.      M.B. claimed that she incurred injuries and damages starting when she was fourteen (14) years old.

8.      M.B. alleged that commencing in 2014, she was recruited, enticed, solicited harbored, and/or transported to engage in commercial sex acts by sex traffickers to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

9.      M.B. further alleged that the Policyholders caused M.B. to suffer mental anguish and physical harm, including through a sexually transmitted disease.

10.     There is no allegation in the Underlying Action that the alleged bodily injury to M.B. was caused intentionally by the Policyholders.

## THE SAMSUNG POLICIES

11.     Samsung sold commercial general liability insurance policy number CPP 0000842 00, for the policy period of 04/20/2013 through 04/20/2014, to UFVS Management Company ("UFVS") (the "2013-2014 Samsung Policy.")  A true and correct copy of the 2013-2014 Samsung Policy is attached hereto as Exhibit B.

12.     Samsung also sold commercial general liability insurance policy number CPP 0000842 01, for the policy period of 04/20/2014 through 04/20/2015, to UFVS and Roosevelt Inn, LLC (the "2014-2015 Samsung Policy.")  A true and correct copy of the 2014-2015 Samsung Policy is attached hereto as Exhibit C.  The 2013-2014 Samsung Policy and 2014-2015 Samsung Policy are collectively referred to as "the Samsung Policies."

13.     Section I, Coverage A of the Samsung Policies' insuring agreements provide, in relevant part, as follows:

> a. We will pay those sums that the insured becomes legally
> obligated to pay as damages because of "bodily injury" or
> "property damage" to which this insurance applies. We will have
> the right and duty to defend the insured against any "suit" seeking
> those damages. However, we will have no duty to defend the
> insured against any "suit" seeking damages for "bodily injury" or
> "property damage" to which this insurance does not apply. We

> may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .
>
> b.  This insurance applies to "bodily injury" and "property damage" only if:
>
>> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>> (2) The "bodily injury" or "property damage" occurs during the policy period . . .

14.    The Samsung Policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

15.    The Samsung Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

16.    The Samsung Policies define "suit" as a "civil proceeding in which damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged."

17.    Section I, Coverage B of the Samsung Policies' insuring agreements provide, in relevant part, as follows:

> a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

18.    The Samsung Policies define "personal and advertising injury" as an "injury, including consequential 'bodily injury', arising out of one or more of the following offenses: False arrest, detention or imprisonment . . ."

19.     Section II of the Samsung Policies' insuring agreements, entitled "WHO IS AN INSURED," provide, in relevant part, as follows:

> 1.  If you are designated in the Declarations as:
>
> > c.  A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

20.     The alleged bodily injury to M.B. was caused by an occurrence in the coverage territory during the policy period of the Samsung Policies.

21.     The alleged personal and advertising injury to M.B was caused by an occurrence in the coverage territory during the policy period of the Samsung Policies.

22.     The Underlying Action constitutes a "suit" as it is a civil proceeding in which damages because of bodily injury and/or personal injury are alleged.

23.     The Policyholders provided timely notice of the Underlying Action to Samsung.

24.     The Policyholders have complied with all material terms and conditions of the Samsung Policies entitling them to the full coverage provided by the Samsung Policies.

## COUNT I
## DECLARATORY JUDGMENT

25.      The Policyholders hereby incorporate by reference all preceding paragraphs of this Complaint as though the same were set forth at length herein.

26.     There exists an actual and justiciable controversy between the parties regarding the application and interpretation of the Samsung Policies to the Policyholders' claim for coverage related to the Underlying Action.

27.     The Samsung Policies include a duty to defend the Policyholders against any suit seeking damages because of bodily injury or personal injury caused by an occurrence during the policy periods of the Samsung Policies commercial general liability coverage.

28.     Under applicable law, Samsung is obligated to defend the Policyholders in the Underlying Action if the allegations therein may potentially come within the Samsung Policies, which duty continues unless they can confine all claims to a recovery that is not within the policies' coverages.

29.     The Samsung Policies include a duty to indemnify the Policyholders from any suit seeking damages because of bodily injury or personal injury caused by an occurrence during the policy periods of the Samsung Policies commercial general liability coverage.

30.     Based on the allegations, the Underlying Action sets forth a claim against the Policyholders for M.B.'s bodily injury and/or personal injury caused by an occurrence that took place during the policy periods of the Samsung Policies' commercial general liability coverages.

31.     All conditions precedent to trigger a defense obligation under the Samsung Policies have occurred or been performed.

32.     By reason of the foregoing, Samsung has a duty to defend the Policyholders in the Underlying Action and is obligated to continue with the defense of the Policyholders in the Underlying Action.

33.     Given this actual controversy and that there exists no other adequate remedy at law, the Policyholders are entitled to a declaration that Samsung has a duty to defend the Policyholders in the Underlying Action.

WHEREFORE, the Policyholders respectfully request that judgment be entered in their favor and against Samsung for all compensatory and consequential damages, interest, attorneys' fees, costs, and any further relief this Court deems just, equitable and proper.

## JURY TRIAL DEMAND

34.     The Policyholders hereby demand a trial by jury in the above-entitled action pursuant to Federal Rule of Civil Procedure 38(b).

**ROOSEVELT INN, LLC, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, and YAGNA PATEL'S THIRD-PARTY COMPLAINT AGAINST NATIONWIDE MUTUAL INSURANCE COMPANY AND ACE PROPERTY & CASUALTY INSURANCE COMPANY**

Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel (collectively, the "Policyholders"), by and through undersigned counsel, hereby file the following Third-Party Complaint against Nationwide Mutual Insurance Company and ACE Property & Casualty Insurance Company:

## THE PARTIES

1.      UFVS Management Company, LLC is a limited liability company organized under the laws of the State of New York with a principal place of business located at 287 Bowman Avenue, Purchase, New York 10577.

2.      Roosevelt Inn LLC, d/b/a Roosevelt Inn and Roosevelt Inn Café, is a Delaware limited liability company with its principal place of business located at 7600 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152.

3.      Roosevelt Motor Inn, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152.

4.      Yagna Patel is an employee and manager of the Roosevelt Inn.

5.      Nationwide Mutual Insurance Company is a corporation organized and existing under the laws of Ohio with a principal place of business at One Nationwide Plaza, Columbus, Ohio 43215.

6.      Nationwide Mutual Insurance Company is the successor by merger to Harleysville Mutual Insurance Company.

7.      ACE Property & Casualty Insurance Company is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 2 Liberty Place, 1601 Chestnut Street, Philadelphia, Pennsylvania 19102.

## JURISDICTION AND VENUE

8.       This Court has jurisdiction over the actions between the Policyholders and Samsung Fire and Marine Insurance Co., Ltd. (the "Samsung Actions"), pursuant to 28 U.S.C. § 1332, by reason of diversity of citizenship and an amount in controversy to be in excess of $75,000, exclusive of interests and costs.

9.      This Court has jurisdiction over the Policyholders' Third-Party Complaint against Nationwide and ACE by virtue of supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), because the claims in the Policyholders' Third Party Complaint are so related to the claims in the Samsung Action that they form part of the same case or controversy.

10.      The venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to this claim occurred within this district.

## THE UNDERLYING ACTION

11.      On March 10, 2017 Plaintiff M.B. ("M.B.") filed a complaint in the case captioned as M.B. v. Roosevelt Inn LLC, et al., March Term 2017, No. 00712, in the Philadelphia County Court of Common Pleas (the "Underlying Action.")

12.      On August 27, 2018, M.B. filed a Second Amended Complaint in the Underlying Action.  A true and correct copy of M.B.'s Second Amended Complaint is attached hereto as Exhibit A.

13.      M.B's Second Amended Complaint named the following as defendants: Roosevelt Inn, LLC d/b/a/ Roosevelt Inn and Roosevelt Inn Cafe, Roosevelt Motor Inn, Inc.

d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC, Yagna Patel, and Alpha-Centurion Security, Inc.

14.     In the Second Amended Complaint, M.B. raised four causes of action against the Policyholders for (1) Civil Liability under Pennsylvania Human Trafficking Law; (2) Negligence; (3) Negligent Infliction of Emotional Distress; and (4) Intentional Infliction of Emotional Distress.

15.     In the Second Amended Complaint, M.B. alleged that she was born on September 3, 1999.

16.     M.B. further alleged that in 2014, she was "exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation."

17.     M.B. claimed that she incurred injuries and damages starting when she was fourteen (14) years old.

18.     M.B. alleged that commencing in 2014, she was recruited, enticed, solicited harbored, and/or transported to engage in commercial sex acts by sex traffickers to engage in commercial sex acts at the Roosevelt Inn on a regular, consistent and/or repeated basis.

19.     M.B. further claimed that the Policyholders caused M.B. to suffer mental anguish and physical harm, including through a sexually transmitted disease.

20.     There is no allegation in the Underlying Action that the alleged bodily injury to M.B. was caused intentionally by the Policyholders.

**POLICIES AT ISSUE**

**Nationwide Policies**

21.     Harleysville Mutual Insurance Company ("Harleysville") sold commercial general liability insurance policy number MPA 90792M, for the policy period of April 1, 2012 through April 2, 2013, to UFVS Management Company d/b/a Roosevelt Inn, LLC (the

"Harleysville 2012-2013 Policy.")  A true and correct copy of the Nationwide 2012-2013 Policy is attached hereto as Exhibit D.

22.    Nationwide Mutual Insurance Company ("Nationwide Mutual") is the successor by merger to Harleysville Mutual Insurance Company.  Upon information and belief, Nationwide Mutual has succeeded to all rights and obligations of Harleysville under all insurance policies sold by Harleysville prior to the merger.

23.    Nationwide Mutual (collectively, with Harleysville, "Nationwide") issued a commercial general liability insurance policy number MPA 90792M to UFVS Management Company d/b/a Roosevelt Inn, LLC, for the policy period of April 1, 2013 through April 20, 2013 (the "Nationwide 2013 Policy.")  A true and correct copy of the Nationwide 2013 Policy is attached hereto as Exhibit E.

24.    Collectively, the Harleysville 2012-2013 Policy and Nationwide 2013 Policy are referred to as the "Nationwide Policies."

25.    Section I, Coverage A of the Nationwide Policies' insuring agreements provide, in relevant part, as follows:

> a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .
>
> b.  This insurance applies to "bodily injury" and "property damage" only if:
>
>> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

> (2) The "bodily injury" or "property damage" occurs during the policy period . . .

26. The Nationwide Policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

27. The Nationwide Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

28. Section I, Coverage B of the Nationwide Policies' insuring agreements provide, in relevant part, as follows:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

29. The Nationwide Policies define "personal and advertising injury" as an "injury, including consequential 'bodily injury', arising out of one or more of the following offenses: False arrest, detention or imprisonment . . ."

30. The alleged "bodily injury" to M.B. was caused by an occurrence in the coverage territory during the policy period of the Nationwide Policies.

31. The alleged "personal and advertising injury" to M.B. was caused by an occurrence in the coverage territory during the policy period of the Nationwide Policies.

32. Initially, Nationwide agreed to provide a defense for the Policyholders in the Underlying Action under a reservation of rights.

33. Thereafter, on or about August 22, 2018, Nationwide provided notice to the Policyholders that Nationwide withdrew its defense.

34. Nationwide cited to the allegations in M.B.'s Second Amended Complaint as the basis for withdrawing its defense.

### ACE Policy

35. ACE Property & Casualty Company sold commercial umbrella liability policy number G24898593 005, for the policy period of April 20, 2013 through April 20, 2014, to UFVS Management Company d/b/a Roosevelt Inn, LLC (the "ACE Policy.") A true and correct copy of the ACE Policy is attached hereto as Exhibit F.

36. Section I, Coverage A of the ACE Policy's insuring agreements provide, in relevant part, as follows:

> A. We will pay on behalf of the "insured" those sums in excess of the "retained limit" that the "insured" becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.
>
> > 1. This insurance applies to "bodily injury" and "property damage" that takes place in the "coverage territory", but only if:
> >
> > > a. The "bodily injury" or "property damage" is caused by an "occurrence";
> > > b. The "bodily injury" or "property damage" occurs during the "policy period" . . .

37. The ACE Policy defines "retained limit" as "[t]he total applicable limits of "underlying insurance" . . .

38. The ACE Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. 'Bodily injury' includes mental anguish or mental injury resulting from bodily injury."

39. The ACE Policy defines "personal and advertising injury" as "injury, including consequential "bodily injury", arising out of one or more of the following offenses: False arrest, detention or imprisonment . . ."

40.     The ACE Policy defines an "occurrence" as follows:

1.  With respect to "bodily injury" or "property damage", an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All such exposure to substantially the same general conditions shall be considered as arising out of the same "occurrence", regardless of the frequency or repetition thereof, or the number of claimants.
2.  With respect to "personal and advertising injury", a covered offense. All damages that arise from the same act, publication or general conditions are considered to arise out of the same "occurrence", regardless of the frequency or repetition thereof, the number or kind of media used or the number of claimants.

41.     Endorsement number 5 of the ACE Policy outlines an exclusion entitled,

"ABUSE OR MOLESTATION EXCLUSION – MINOR PERSONS (No Broader Than

Scheduled Underlying Insurance)."

42.     The "ABUSE OR MOLESTATION EXCLUSION – MINOR PERSONS (No

Broader Than Scheduled Underlying Insurance)" states as follows:

ABUSE OR MOLESTATION EXCLUSION – MINOR PERSONS (No Broader Than Scheduled Underlying Insurance)

This insurance does not apply to any "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1. The actual or threatened abuse or molestation of any minor person by anyone while in the care, custody or control of any "insured", any employee of an "insured", or anyone acting on behalf of an "insured". Abuse or molestation includes but is not limited to physical abuse, corporal punishment, sexual abuse, sexual molestation, or sexual misconduct by anyone; or

2. The negligent employment, investigation, supervision, reporting to the proper authorities or failure to so report, or retention of an person for whom any "insured" is or ever was responsible and whose conduct would be excluded by paragraph 1. of this endorsement.

However, no exception to or limitation in this exclusion will apply unless "underlying insurance" also provides the same exception or

limitation, and under no circumstances will the insurance coverage provided by this policy be broader than the insurance coverage provided by the "underlying insurance".

In the event of a variance between this endorsement and an exclusion or limitation of coverage in the "underlying insurance" addressing the same general risk or hazard, the more restrictive provision shall apply and shall supersede and be deemed to replace the corresponding less restrictive provision.

All other terms and conditions of the policy remain unchanged.

43.     The ACE Policy defines "Underlying insurance" as the policy or policies of insurance listed in the Schedule of "Underlying Insurance" attached to and forming a part of this policy.

44.     The ACE Policy's Schedule of Underlying Insurance lists an underlying commercial general insurance policy issued by Samsung Fire & Marine for the policy period of April 2013 through April 2014 (the "2013-2014 Samsung Policy.")

45.     The 2013-2014 Samsung Policy does not contain an exclusion entitled "ABUSE OR MOLESTATION EXCLUSION – MINOR PERSONS (No Broader Than Scheduled Underlying Insurance)."

46.     The 2013-2014 Samsung Policy does not contain an exclusion similar to the ACE Policy's "ABUSE OR MOLESTATION EXCLUSION – MINOR PERSONS (No Broader Than Scheduled Underlying Insurance)."

47.     There is no "variance between" the ACE Policy and the 2013-2014 Samsung Policy because the 2013-2014 Samsung Policy contains no such exclusion.

48.     Because the 2013-2014 Samsung Policy contains no similar exclusion, the ACE Policy's scope of coverage is be consistent with, not broader than, the coverage provided under the 2013-2014 Samsung Policy.

- 22 -

49.     Therefore, the ACE Policy's "ABUSE OR MOLESTATION EXCLUSION –
MINOR PERSONS (No Broader Than Scheduled Underlying Insurance)" does not apply to the
Policyholders' claim for coverage from ACE.

50.     The alleged bodily injury to M.B. was caused by an occurrence in the coverage
territory during the policy period of the ACE Policy.

51.     To date, ACE has stated that the Policyholders are not entitled to coverage for the
Underlying Action.

## COUNT I
## DECLARATORY JUDGMENT VERSUS NATIONWIDE MUTUAL INSURANCE COMPANY

52.     The Policyholders hereby incorporate by reference all preceding paragraphs of
this Complaint as though the same were set forth at length herein.

53.     There exists an actual and justiciable controversy between the parties regarding
the application and interpretation of the Nationwide Policies and to the Policyholders' claim for
coverage related to the Underlying Action.

54.     The Nationwide Policies include a duty to defend the Policyholders against any
suit seeking damages because of bodily injury or personal and advertising injury caused by an
occurrence during the policy periods of the Nationwide Policies commercial general liability
coverage.

55.     Under applicable law, Nationwide is obligated to defend the Policyholders in the
Underlying Action if the allegations therein may potentially come within the Nationwide
Policies, which duty continues unless they can confine all claims to a recovery that is not within
the policies' coverages.

- 23 -

56.     The Nationwide Policies include a duty to indemnify the Policyholders from any suit seeking damages because of bodily injury or personal and advertising injury caused by an occurrence during the policy periods of the Nationwide Policies commercial general liability coverage.

57.     Based on the allegations, the Underlying Action sets forth a claim against the Policyholders for M.B.'s bodily injury or personal injury caused by an occurrence that took place during the policy periods of the Nationwide Policies' commercial general liability coverages.

58.     All conditions precedent to trigger a defense obligation under the Nationwide Policies have occurred or been performed.

59.     By reason of the foregoing, Nationwide has a duty to defend the Policyholders in the Underlying Action and is obligated to continue with the defense of the Policyholders in the Underlying Action.

60.     Given this actual controversy that exists, the Policyholders are entitled to a declaration that Third-Party Defendant Nationwide has a duty to defend the Policyholders in the Underlying Action.

**WHEREFORE**, the Policyholders respectfully request that judgment be entered in their favor and against Nationwide for all compensatory and consequential damages, interest, attorneys' fees, costs, and any further relief this Court deems just, equitable and proper.

**COUNT II**
**BREACH OF CONTRACT VERSUS NATIONWIDE MUTUAL INSURANCE COMPANY**

61.     The Policyholders hereby incorporate by reference all preceding paragraphs of this Complaint as though the same were set forth at length herein.

- 24 -

62.     The Policyholders entered into valid and binding contracts of insurance, supported by good and valuable consideration.

63.     The Policyholders have performed all of its obligations under the Nationwide Policies, including paying the premium, providing adequate and timely notice, and cooperating with Nationwide.

64.     The Policyholders have demanded coverage for the defense and losses incurred in connection with the alleged damages suffered by M.B. at the Roosevelt Inn.

65.     The Underlying Action constitutes a "suit" in which M.B. is seeking damages for "bodily injury" for an "occurrence" during the Nationwide Policies' policy period.

66.     Nationwide is obligated to defend the Policyholders in the Underlying Action.

67.     Under the terms of the Nationwide Policies, there are no exclusions or limitations that would preclude coverage of the Policyholders in the Underlying Action.

68.     Nationwide has breached its contract of insurance by withdrawing its defense in the Underlying Action.

69.     National Union's conduct, in refusing to defend the Policyholders in the Underlying Action, constitutes a breach of contract for which no justification exists.

70.     As a direct and proximate result of Nationwide's breach of its contract of insurance with the Policyholders, the Policyholders have sustained damage including, but not limited to, attorney's fees and in the Underlying Action, all of which are compensable.

**WHEREFORE**, the Policyholders respectfully request that judgment be entered in their favor and against Nationwide for all compensatory and consequential damages, interest, attorneys' fees, costs, and any further relief this Court deems just, equitable and proper.

**COUNT III**
**DECLARATORY JUDGMENT VERSUS ACE PROPERTY & CASUALTY INSURANCE COMPANY**

71.     The Policyholders hereby incorporate by reference all preceding paragraphs of this Complaint as though the same were set forth at length herein.

72.     There exists an actual and justiciable controversy between the parties regarding the application and interpretation of the ACE Policy and to the Policyholders' claim for coverage related to the Underlying Action.

73.     The ACE Policy includes a duty to provide coverage for the Policyholders for any suit seeking damages because of bodily injury or personal and advertising injury caused by an occurrence during the policy periods of the ACE Policy commercial umbrella liability coverage.

74.     Based on the allegations, the Underlying Action sets forth a claim against the Policyholders for M.B.'s bodily injury or personal and advertising injury caused by an occurrence that took place during the policy periods of the ACE Policy's commercial umbrella liability policy coverages.

75.     All conditions precedent to trigger a coverage obligation under the ACE Policy has occurred or been performed.

76.     By reason of the foregoing, ACE owes coverage to the Policyholders in the Underlying Action for those sums in excess of the retained limit that the Policyholders become legally obligated to pay as damages because of "bodily injury" or "personal and advertising injury.

77.     Given this actual controversy that exists, the Policyholders are entitled to a declaration that Third-Party Defendant ACE has a duty to indemnify the Policyholders for losses in the Underlying Action.

**WHEREFORE**, the Policyholders respectfully request that judgment be entered in their favor and against ACE for all compensatory and consequential damages, interest, attorneys' fees, costs, and any further relief this Court deems just, equitable and proper.

## JURY TRIAL DEMAND

78.     The Policyholders hereby demand a trial by jury in the above-entitled action pursuant to Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

REED SMITH LLP

Dated:  December 24, 2018                    By:     s/ John N. Ellison

John N. Ellison (PA ID 51098)
Shruti D. Engstrom (PA ID 82937)
Three Logan Square
1717 Arch Street, Ste. 3100
Philadelphia, PA  19103
(215) 851 8100

*Attorneys for Defendants/Counterclaimants/Third-Party Plaintiffs, Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date, I caused the foregoing Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC, and Yagna Patel's Answer, Affirmative Defenses, and Counterclaims in Response to the Declaratory Judgment Complaint of Plaintiff Samsung Fire and Marine Insurance Co., Ltd. to be filed using the ECF system, which will send notice of this filing to the following counsel of record via email:

Carolyn Bates Kelly
KELLY & DeMARCO, P.C.
101 Greenwood Ave., Suite 300
Jenkintown Plaza
Jenkintown, PA 19046
Telephone: 215-881-2280
Email: cbkelly@kellydemarco.com

*Attorney for Plaintiff, Samsung Fire and*
*Marine Insurance Co., Ltd.*

Dated:  December 24, 2018                          By:      s/ John N. Ellison

- 28 -